WARREN HAY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed December 9, 1914.

1. The inducing of an unmarried female under the age of sixteen years to leave her home, without the consent of her parents, for the purpose of effecting a marriage, so long as

no fraud or deceit is practiced upon her, does not constitute the offense set forth in Section 3522 of the General Statutes of Florida. The fraud and deceit must be practiced upon such unmarried female in order to entice her away, and not upon her parents, for the purpose of effecting a clandestine marriage, without the consent of her parents.

2. A clandestine marriage is one contracted without observing the conditions precedent prescribed by law, such as procuring a license, or the like.

Writ of error to Circuit Court for Osceola County; Jas. W. Perkins, Judge.

Judgment reversed.

*Johnston & Garrett,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, C. J.—An indictment was found against Warren Hay, wherein it was charged that the accused "did fraudulently and deceitfully entice away one Eva Simpson, an unmarried female under the age of sixteen years, from her father's house, without the consent of her parents, under whose care and custody she was living, for the purpose of effecting a clandestine marriage of the said Eva Simpson without such consent." The defendant pleaded not guilty and was tried before a jury and convicted and sentenced to confinement at hard labor in the State prison for the period of one year.

Obviously the indictment was based upon Section 3522 of the General Statutes of Florida, which is as follows: "Whoever fraudulently and deceitfully entices away an

unmarried female, under the age of sixteen years, from her father's house, or wherever else she may be found, without the consent of the parent, guardian or master, if any, under whose care and custody she is living, for the purpose of effecting a clandestine marriage of such female without such consent, shall be punished by imprisonment in the State prison not exceeding one year, or by fine not exceeding one thousand dollars."

Several errors are assigned, some of which are predicated upon the exclusion of testimony proffered by the defendant and others upon the general charge given by the court and upon the refusal of instructions requested by the defendant. There is also an assignment based upon the overruling of the motion for a new trial, which among other grounds, questioned the sufficiency of the evidence to support the verdict. We shall not undertake to discuss the assignments in detail. One of the assignments is based upon that portion of the general charge numbered 10, which is as follows:

"10. The court further charges you that any acts or conduct by which an unmarried female under the age of sixteen years is caused to leave her father's home, for the purpose of depriving the father or mother of the privilege of consent to a marriage which is expected to be brought about by such acts and conduct, constitutes such fraud and deceit upon the parent as it is intended by the law of the State of Florida, which makes it a crime for anyone to so entice an unmarried female under the age of sixteen years away from her father's home for the purpose of effecting such marriage, and any such acts or conduct as induces such unmarried female under the age of sixteen years to leave her father's home for the purpose of effecting a marriage without the consent of the parents of such

female is a Clandestine Marriage within the meaning and intent of the statutes of the State of Florida."

We are of the opinion that this error is well assigned. The statute upon which the indictment is based and which we have copied above, contains no such provision as the charge defines or embraces. The inducing of an unmarried female under the age of sixteen years to leave her home, without the consent of her parents, for the purpose of effecting a marriage, so long as no fraud or deceit is practiced upon her, does not constitute the offense set forth in the statute. The fraud and deceit must be practiced upon such unmarried female in order to entice her away, and not upon her parents, for the purpose of effecting a clandestine marriage, without the consent of her parents. As defined in Black's Law Dictionary (2nd Ed.), "A clandestine marriage is (legally) one contracted without observing the conditions precedent prescribed by law, such as publication of bans, procuring a license, or the like."

We shall not undertake to set forth the evidence adduced. Suffice it to say that it utterly fails to show that the defendant fraudulently or deceitfully enticed Eva Simpson to leave her father's house, but, on the contrary, that she willingly left her home with him and of her own volition consented to marry the defendant; that she and the defendant went together to the house of the county judge, who had issued the marriage license, within less than two hours after the issuance of such license, who performed the marriage ceremony, in the presence of a number of witnesses. We frankly say, after a careful reading of all the evidence, that we fail to see wherein the defendant was shown to have violated the statute. The judgment must be reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.